(109 App. Div. 163.)

KANE v. SMITH.

(Supreme Court, Appellate Division, Second Department. November 17, 1905.)

CONTRACTS—SUFFICIENCY OF EVIDENCE TO SHOW PAROL CONTRACT.

In an action against an administrator on a claim for board and attendance arising under an alleged parol contract, evidence reviewed, and held insufficient to show a contract to pay.

Appeal from Trial Term, Kings County.

Action by Lydia Kane against Thomas J. Smith, as administrator of Joseph McVey, deceased. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, RICH, and MILLER, JJ.

J. Fred. Bullwinkel, for appellant.

Melville J. France, for respondent.

JENKS, J. The judgment must be reversed, because the evidence is insufficient to support it. The action is upon a claim for board and attendance of the defendant's intestate for six years immediately preceding his death. It is alleged that the intestate agreed to pay $5 a week to the plaintiff. The case presented is that of a woman in very humble circumstances, chiefly dependent on the daily wages and contributions of her children, who lived in houses owned by the intestate, neither her relative nor her connection, boarded him at her table and attended upon him for 17 years without at any time asking or receiving or accepting from him the weekly board which he had agreed to pay, and yet regularly paying him $11 a month as rent for her apartment. There is no suggestion that at any time throughout all these years the intestate was unwilling or unable to pay under the alleged contract. Such a condition of relative living is to me inherently incredible, and there is no sufficient evidence to overcome the natural improbability of it. The alleged contract is not in writing, but is based upon the parol evidence of two daughters of the plaintiff; for of the two disinterested witnesses, one, a neighbor, testifies only to the fact that the intestate boarded with the plaintiff, and the other to the value of the board and attendance. The case offends the rule of Rosseau v. Rouss, 180 N. Y. 116, 121, 72 N. E. 916, and the authorities there cited and followed.

Judgment reversed and new trial granted before another referee, costs to abide the event. All concur.